COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

MOISES BRIZUELA MENJIVAR,
)
 No. 08-02-00143-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 Criminal District Court No. 5

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-0053459-HL)



MEMORANDUM OPINION



 Moises Brizuela Menjivar was charged with aggravated sexual assault of a child under
fourteen years of age. He entered an open plea of guilty and the court set punishment at twenty-five
years' imprisonment with a $10,000 fine. Finding no error, we affirm.

FACTUAL SUMMARY


 Appellant had just moved to the United States from El Salvador and was living with his sister
and her family in Dallas County. He took care of his seven-year-old niece on a daily basis. He
admitted to sexually assaulting the child on one occasion. He accepted responsibility for his actions,
claiming that the crack cocaine and beer he consumed that day had affected his judgment. Although
he denied touching the child's vagina with his penis, the DNA tests returned positive results that
Appellant's semen was present in the girl's vaginal area.


CERTIFIED COURT INTERPRETER


 In his sole point of error, Appellant contends that the trial court failed to provide him with
a certified court interpreter. An interpreter's competency is a question of law; the accuracy of an
individual translation is a question of fact. Garcia v. State, 887 S.W.2d 862, 875 (Tex.Crim.App.
1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). The trial court's
determination of competency is subject to review for abuse of discretion. Mendiola v. State, 924
S.W.2d 157, 162 (Tex.App.--Corpus Christi 1995, no pet.). A defendant is entitled to an interpreter
upon motion duly filed or upon the court's own motion and it is determined that the person charged
does not understand and speak the English language. Tex.Code Crim.Proc.Ann. art. 38.30(a)
(Vernon Pamphlet 2003); Tex.Gov't.Code Ann. §§ 57.002, 57.021 (Vernon Supp. 2003). Any
person may be called upon to serve as an interpreter by the court under the same rules and penalties
as witnesses. See id. The interpreter is not required to be an "official" or "certified" interpreter
under the Code, but only to have sufficient skill in translating and to be familiar with the use of
slang. See id.; Mendiola, 924 S.W.2d at 161.

 Appellant did not file a motion as contemplated by the statute. At trial, his attorney translated
from English to Spanish and Spanish to English on Appellant's behalf. Counsel was asked his name
and then invited to perform his duty as an interpreter. An oath was administered, he was duly sworn,
and no objection was lodged. The record reflects the court properly admonished Appellant before
taking his plea. He never voiced, through his counsel or otherwise, his inability to understand any
of the proceedings. There is no evidence that his attorney was not competent to act as an interpreter. 
Consequently, we perceive no error. We overrule the sole point and affirm the judgment of the trial
court.




February 20, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)